IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:07CR24 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| | ) | |
| LATOYIN DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 25) and the Defendant's Sentencing Calculation (Filing No. 29). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to several portions of the PSR. The objections are discussed below.

### ¶¶ *11, 14, 38 - Date of Commencement of Illegal Activity*

The Defendant objects to statements in ¶¶ 11 and 14 in which it is stated that he engaged in drug dealing as early as 2003. The Defendant argues that he did not traffic in drugs while on probation for the offense described in ¶ 34, and therefore he should not receive the additional 2 points assessed to his criminal history score in ¶ 38 under U.S.S.G. § 4A1.1(d).

The objection to ¶ 11 is denied, as the Court is not at liberty to change the government's version of the offense. Similarly, the objection to ¶ 14 is denied because the Court cannot change statements attributed to investigative reports. However, the objection

to ¶ 38 will be heard at sentencing. The burden is on the government by a preponderance of the evidence.

### *¶ 15 - Officer Noonan's Statement*

The objection is denied, as the Court is not at liberty to change statements attributed to Officer Noonan.

### *¶ 35 - Criminal History*

The Defendant argues that he should not be assessed 3 points for this prior offense. Rather, he argues that the offense should be considered as relevant conduct.

Relevant conduct is defined in relevant part as "all acts . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. § 1B1.3(a)(1)(A). In determining whether a prior conviction can be considered as relevant conduct, such factors as geography, the type of drug, and the identity of the coconspirators are considered. *United States v. Perez-Guerrero,* 334 F.3d 778, 784 (8th Cir. 2003) (affirming the district court's decision that a prior conviction was not relevant conduct where the prior conviction occurred in a different location and involved a different drug and different coconspirators).

In this case, the Defendant is charged in Count I of the Indictment with conduct beginning at an unknown time, but as early as approximately October 1, 2003, and continuing through December 21, 2006. The charged conduct occurred in Nebraska and related to cocaine base, or crack cocaine. The prior offense described in ¶ 35 occurred in Arkansas as a result of a December 6, 2006, arrest and involved ecstacy and marijuana. The Defendant argues that the prior conviction was related to his Omaha drug dealing.

(PSR, ¶ 12.)  The issue will be heard at sentencing.  The burden is on the Defendant by a preponderance of the evidence.

### ¶ 54 - Physical Condition; Downward Departure or Deviation

The Defendant refers to medical information or aspects of his alleged physical condition that are not detailed in the PSR.  Apparently these details were not provided to the probation officer for inclusion in the PSR.  The Court notes that, based on the limited information available from the Defendant's objections to the PSR, it appears that the U.S. Bureau of Prisons is able to very adequately accommodate the Defendant.  Because the Defendant does not contend that information in ¶ 54 is false, the objection to ¶ 54 is denied.  However, the motion for downward departure or variance will be heard at sentencing.

### ¶ 22 - Crack/Power Cocaine Disparity

The Defendant objects to the allegedly unfair and racially discriminatory crack/powder cocaine disparity and seeks a 2-level reduction in his offense level to offset the disparity.

The 2007 sentencing guidelines were used in the PSR, which address the disparity.  (PSR, ¶¶ 20, 22.)  The objection is denied.

IT IS ORDERED:

1. The Defendant's Objections to ¶¶ 11, 14, 15, 22, and 54 of the Revised Presentence Investigation Report (Filing No. 25) are denied;

2. The Defendant's objections to ¶¶ 35 and 38 of the Revised Presentence Investigation Report (Filing No. 25) will be heard at sentencing;

3. The Defendant's motion for downward departure or variance (Filing No. 25) will be heard at sentencing;

4. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

5. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

6. Absent submission of the information required by paragraph 5 of this Order, my tentative findings may become final;

7. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing; and

8. If the parties need more than 30 minutes for the entire sentencing hearing, they shall immediately contact Edward Champion, tel. 661-7377, and reschedule the hearing.

DATED this 21st day of November, 2007.

BY THE COURT:

S/ Laurie Smith Camp
United States District Judge