## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO: 8:07CR24** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **V.** | ) | |
| | ) | **MEMORANDUM AND ORDER** |
| **LATOYIN DAVIS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

This matter is before the Court on the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Filing No. 41) and motion for leave to proceed in forma pauperis (Filing No. 42).   Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

### FACTUAL BACKGROUND

The Defendant, Latoyin Davis, pleaded guilty to Counts I, II, and III of the Indictment charging him with conspiracy to distribute and possess with intent to distribute cocaine base (Count I), possession with intent to distribute cocaine base (Count II), and criminal forfeiture (Count III).  On November 26, 2007, this Court sentenced Davis to 168 months imprisonment on Counts I and II, and concurrent terms of supervised release of 5 years on Count I and 4 years on Count II.  (Filing No. 39.)  A direct appeal was not filed.

Davis bases his § 2255 motion on the following claims of ineffective assistance of counsel, alleging that his attorney: failed to file subpoenas and certain pretrial motions (Claim One); failed to contest the amount of controlled substance attributed to the Defendant (Claim Three); and coerced him to plead guilty under duress (Claim Four). Davis also alleges that he received a sentencing enhancement without an evidentiary hearing to which he was entitled (Claim Two). (Filing No. 41).

## DISCUSSION

### I.   Ineffective Assistance of Counsel

In order to establish ineffective assistance of counsel, Davis must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the type of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a showing that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687.

### A.   Claim One: Subpoenas and Pretrial Motions; Conspiracy

In his § 2255 motion, Davis asserts that his attorney was ineffective because he failed to file subpoenas and certain pretrial motions and because defense counsel conspired with the prosecutor. Davis, however, never went to trial and he waived both his Sixth Amendment right to a trial by jury and his right to call witnesses when he signed his plea petition under oath and at his change of plea hearing also while under oath.[1] (Filing

---

[1]Although there is no transcript of the change of plea hearing, a waiver of constitutional rights is a standard part of the Court's plea colloquy as required by Federal

2

No. 19, at ¶ 8.)  Because Davis waived these rights, he cannot maintain a viable claim for ineffective assistance of counsel based on his attorney's failure to subpoena witnesses. Although Davis argues that counsel did not file pretrial motions suggested by him, he includes no details regarding the nature of these desired motions.  Davis's claim of a conspiracy between defense counsel and the prosecutor is conclusory and without any support or basis.  Davis cannot satisfy either prong of the *Strickland* test with respect to these claims.

Therefore, it plainly appears from the record that Davis is not entitled to relief on his first claim, and this claim is summarily dismissed

## B.   *Claim Three: Drug Quantity*

Davis also suggests that his counsel was ineffective because he did not contest the amount of controlled substance attributed to Davis.  There is no plea agreement in this case, and it appears that defense counsel did not challenge the drug quantity.

Accordingly, the Court finds that summary dismissal of Claim Three is not appropriate.  The United States is required to answer this claim.

## C.   *Claim Four: Plea Entered Under Duress*

Davis asserts that when he entered his plea of guilty, he was "somewhat under duress" and thus his plea of guilty is not valid.  However, Davis stated under oath both in his plea petition and at his change of plea hearing that he was voluntarily entering his guilty plea.  (Filing No. 19, at ¶¶ (E)34-41).  Therefore, his claim that he was "somewhat under

---

Rule of Criminal Procedure 11(b)(1).

duress" is without merit.   Davis cannot satisfy either prong of the *Strickland* test with respect to this claim.

It plainly appears from the record that Davis is not entitled to relief on his fourth claim, and this claim is summarily dismissed

## II.      Claim Two: Enhancement Without an Evidentiary Hearing

Davis argues that he was subjected to an unlawful enhancement and/or upward departure without an evidentiary hearing.   However, Davis was neither subject to an enhancement to his offense level nor to an upward departure.   (Filing No. 36, ¶¶ 22-31; Filing No. 40.)   To the extent that Davis argues that he did not receive an evidentiary hearing on his objection to the criminal history points assessed, according to the record his objection was heard.   (Filing No. 33.)

Therefore, it plainly appears from the record that the Defendant is not entitled to relief on this claim, and the Court summarily dismisses this claim.

## CONCLUSION

Under the appropriate standard, summary dismissal of Claim Three in the § 2255 motion is not required.   The government must answer this claim, and the Defendant may respond.   Claims One, Two, and Four are summarily dismissed.

IT IS ORDERED:

1.      The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 41);

2.      Upon initial review, the Court finds that the record warrants summary dismissal of Claims One, Two, and Four;

4

3.      Upon initial review, the Court finds that summary dismissal of Claim Three
        is not required;

4.      On or before March 16, 2009, the United States must file an Answer to Claim
        Three and supporting its Answer with a brief;

5.      On or before April 16, 2009, the Defendant may file a responsive brief;

6.      The Defendant's motion for leave to proceed in forma pauperis (Filing No.
        42) is held in abeyance pending further proceedings regarding Claim Three;
        and

7.      The Clerk is directed to mail a copy of this Memorandum and Order to the
        Defendant at his last known address.

DATED this 13th day of February, 2009.

                                          BY THE COURT:

                                          S/Laurie Smith Camp
                                          United States District Judge