IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:07CR24** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **LATOYIN DAVIS,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the motions filed by the Defendant, Latoyin Davis, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 motion") (Filing No. 41); for leave to proceed in forma pauperis (Filing No. 42); and for admittance of ineffective assistance of counsel (Filing No. 53). The government filed an Answer and a supporting brief. (Filing Nos. 46, 47.)

## FACTUAL BACKGROUND

The Defendant, Latoyin Davis, pleaded guilty to Counts I, II, and III of the Indictment charging him with conspiracy to distribute and possess with intent to distribute cocaine base (Count I), possession with intent to distribute cocaine base (Count II), and criminal forfeiture (Count III). There was no plea agreement. In answer to question 45 in the plea petition asking him what he did that caused him to think he is guilty of the charges to which he pleaded guilty, Davis answered:

> Beginning in approximately March of 2004 and continuing off and on through Dec. 21 of 2006, I agreed to possess or distribute cocaine base and other controlled substances in NE. During this conspiracy I was stopped and convicted in AR while bringing drugs to NE on Dec. 6 of 2006.

(Filing No. 19, ¶ 45.)

At the change-of-plea hearing Davis volunteered while under oath that he was then satisfied with his attorney's representation, and he specifically agreed that he was responsible for at least 1.5 kilograms of cocaine base.[1]

The PSR assigned Davis a base offense level of 36 based on "[at least] 1.5 but less than 4.5 kilograms of cocaine base." (PSR, ¶ 22.) The government's version of the offense stated that upon his arrest he pulled a baggie with 9.9 grams of crack cocaine out of his pants and that he had $3,957 on his person. (PSR, ¶ 10.) The government also stated that five cooperating witnesses gave information about Davis, dating back to October 2003, involving a drug quantity of more than 1.5 kilograms of cocaine base. (PSR, ¶ 11.) Davis gave information to the probation officer about his drug dealing, and this information is detailed in the PSR. (PSR, ¶ 13.) The PSR also states detailed information received from the cooperating witnesses, including information that Davis sold drugs daily in 2003 and 2004. (PSR, ¶ 14.) Officer Mark Noonan stated that the offense involved at least 1.5 kilograms of crack cocaine. (PSR, ¶ 15.) Despite Davis's admission as to quantity of cocaine base at the change-of-plea hearing, defense counsel objected informally to the probation officer prior to the preparation of the final version of the PSR. Defense counsel argued that some of the dates provided by the cooperating witnesses were incorrect and that Davis did not engage in drug dealing in 2003 and not until March of 2004. The final version of the PSR was submitted. Defense counsel again objected to the time period of Davis's involvement in the conspiracy by filing objections to the PSR

---

[1] A transcript of the change-of-plea hearing was not prepared. Davis's statement appears in the court's notes.

2

and a supporting brief. (Filing Nos. 25, 26.) The Court denied the objections in its Tentative Findings.

On November 26, 2007, this Court sentenced Davis to 168 months imprisonment on Counts I and II, and concurrent terms of supervised release of 5 years on Count I and 4 years on Count II. (Filing No. 39.) A direct appeal was not filed.

Davis bases his § 2255 motion on the following claims of ineffective assistance of counsel, alleging that his attorney: failed to file subpoenas and certain pretrial motions (Claim One); failed to contest the amount of controlled substance attributed to the Defendant (Claim Three); and coerced him to plead guilty under duress (Claim Four). Davis also alleges that he received a sentencing enhancement without an evidentiary hearing to which he was entitled (Claim Two). (Filing No. 41).

The Court ordered the government to answer Claim Three regarding ineffective assistance of counsel for failure to object to the drug quantity. All other claims were summarily dismissed. (Filing No. 44.)

## DISCUSSION

In order to establish ineffective assistance of counsel, a defendant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to

demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687.

In light of Davis's agreement with the drug quantity at his change-of-plea hearing, he cannot prove either prong of the *Strickland* test. The third claim in his § 2255 motion is denied.

## CONCLUSION

For the reasons discussed, the Court concludes that the Defendant's § 2255 motion should be denied.

IT IS ORDERED:

1. The Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Filing No. 41) is denied;

2. The Defendant's motion for leave to proceed in forma pauperis (Filing No. 42) is denied as moot;

3. The Defendant's motion for admittance of ineffective assistance of counsel (Filing No. 53) is denied;

4. A separate Judgment will be issued denying the § 2255 motion; and

5. The Clerk is directed to mail a copy of this memorandum and order to the Defendant at his last known address.

DATED this 17th day of June, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge