IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:07CR24** |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM AND ORDER** |
| **LATOYIN DAVIS,** | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's Notice of Appeal (Filing No. 60) and a successive Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 58). The Defendant's first § 2255 motion (Filing No. 41) was denied. (Filing Nos. 56, 57.) Also before the Court is the Clerk's memorandum regarding in forma pauperis status, which is governed by Federal Rule of Appellate Procedure 24.

*Notice of Appeal*

Before the Defendant may appeal the denial of his § 2255 motion, a "Certificate of Appealability" must issue. Therefore, the Defendant's notice of appeal is construed as a motion for a certificate of appealability. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), the right to appeal the denial of a § 2255 motion is governed by the certificate of appealability requirements of 28 U.S.C. § 2253(c). 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
> ....
> (B) the final order in a proceeding under section 2255.

> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).

A "substantial showing of the denial of a constitutional right" requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were '"adequate to deserve encouragement to proceed further."'"  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)).

The issues raised in the § 2255 motion were carefully considered.  For the reasons set forth in the Court's previously issued Memorandum and Order denying the defendant's § 2255 motion, the Court concludes that the Defendant has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c).

***Successive Petition***

Rule 9 of the Rules Governing Section 2255 Proceedings provides: "Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8."  The Eighth Circuit Court of Appeals has considered multiple motions for new trial in the § 2255 context as successive motions. *United States v. Lambros,* 404 F.3d 1034, 1037 (8th Cir. 2005).  Therefore, the Defendant's motion is considered a successive § 2255 motion and denied for lack of an order from the Eighth Circuit allowing this Court to consider the motion.

*In Forma Pauperis Status*

For the reasons stated above, the Defendant may not proceed in forma pauperis to the Eighth Circuit Court of Appeals.

IT IS ORDERED:

1. A certificate of appealability is denied;

2. The Defendant's § 2255 motion (Filing No. 58) is denied;

3. The Clerk of Court is directed to provide a copy of this Order to the Eighth Circuit Court of Appeals;

4. A copy of this Memorandum and Order shall be mailed to the Defendant at his last known address; and

5. Leave to proceed on appeal in forma pauperis is denied.

DATED this 20th day of July, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge